# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2728

_____

Charles Bradford Odom,      *
     *
         Appellant,      *
     *
     *    Appeal from the United States
     v.      *    District Court for the
     *    District of North Dakota.
Brutger Equities, Inc., c/o Larry      *
Brutger; Kathleen Buford; Paul Olson,      *    [UNPUBLISHED]
Detective; Cody Trom, Detective,      *
     *
         Appellees.      *

_____

Submitted: December 15, 2008
Filed: December 15, 2008

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

On appeal from the district court's[1] final judgment in this 42 U.S.C. § 1983 action, North Dakota inmate Charles Odom challenges the court's adverse grants of summary judgment. Upon careful review, we first conclude that the district court properly granted summary judgment to Paul Olson and Cody Trom, because there was no genuine issue that Olson and Trom had engaged a racially motivated conspiracy

_____

[1]The Honorable Daniel Hovland, Chief Judge, United States District Court for the District of North Dakota.

or that Odom's constitutional rights were violated. See Parks v. City of Horseshoe Bend, Ark., 480 F.3d 837, 839 (8th Cir. 2007) (grant of summary judgment reviewed de novo, considering evidence in light most favorable to non-moving party); Reasonover v. St. Louis County, Mo., 447 F.3d 569, 579 (8th Cir. 2006) (holding that grant of summary judgment motion was proper where non-moving party had not filed response to motion, district court had under local rules deemed as admitted facts set forth in summary judgment motion, and summary judgment was appropriate based on uncontroverted facts set forth in motion); see also Winfield v. Roper, 460 F.3d 1026, 1038 (8th Cir. 2006) (this court may affirm on any ground supported by record). We further conclude that the district court properly granted summary judgment to Brutger Equities and Kathleen Buford, because there was no genuine dispute that they were not acting under color of state law. See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 931 (1982) (for liability under § 1983, plaintiff must show both that he has been deprived of right secured by Constitution and federal laws, and that defendant acted under color of state law).

Odom's motion for appointment of counsel is denied, and the district court's judgment is affirmed.

_____